UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS HEALTH CARE TRUST OF NORTHERN CALIFORNIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TOTAL AIR BALANCE COMPANY, INC.,<br><br>　　　　Defendant. | Case No. 11-cv-00030-SI  (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 83 |

      Poor communication is the cause of so many legal disputes. In this case, Defendant Total Air Balance Company, Inc. ("TABCO") and non-party John Hinmon (together, "Movants") move to quash the Court's October 12, 2022 order setting Hinmon's judgment debtor exam and the related document subpoena, or in the alternative, for a protective order barring a further debtor's exam. Movants say that the monetary judgment against TABCO was satisfied in full on or around October 6, 2022, so there's no point to the judgment debtor exam. They seem to have good reason to believe that was the case. After all, Plaintiffs sent them a payoff demand on September 28, 2022, and shortly thereafter Plaintiffs were paid an amount out of escrow relating to the sale of a property. The Court hasn't done the math in terms of calculating the interest, but the payment amount looks about right when you compare it to the payoff demand, so the Court can certainly understand why the Movants thought the monetary judgment had been satisfied.

      Imagine their surprise when they got Plaintiffs' opposition brief, which claims that money is still owed. Worse, Plaintiffs don't say how much money is owed or on what basis it is owed. Is TABCO one dollar short on interest? Is it tens of thousands of dollars short on contributions? Are

we to infer that the September 28 payoff demand was in error? Mumm's the word from Plaintiffs. In their reply brief, Movants are justifiably angry that Plaintiffs "neglect to specifically identify the amount remaining due, and on what basis it is owed, which would allow Movants to assess the claim and finally satisfy their payment obligations."

Before the Court will rule on the pending discovery motion, it would like to understand whether there is any purpose to the judgment debtor exam, and that requires the parties to have a mutual understanding of what the debt supposedly is. The Court is also confused and confounded by Plaintiffs' unwillingness to tell TABCO what it supposedly owes them and why. After all, if you were really trying to collect on a debt . . . isn't that the first thing you'd do?

The Court **ORDERS** Plaintiffs to file a declaration under penalty of perjury no later than March 8, 2023, detailing with specificity the monetary amount still owed under the judgment and the precise bases for that claim. The Court **ORDERS** the parties thereafter to meet and confer to determine if they can agree on what is owed, if anything, and whether it can be paid. The parties shall file a status report no later than April 7, 2023. In the meantime the March 10, 2023 judgment debtor exam is **VACATED**, and Movants' motion is taken under submission.

**IT IS SO ORDERED.**

Dated: March 1, 2023

THOMAS S. HIXSON
United States Magistrate Judge

2